## ST. LOUIS-SAN FRANCISCO RAILWAY CO. v. BRIDGES, Adm'x, et al.

No. 17544. Opinion Filed July 9, 1926.

Stuart, Sharp & Cruce and Ben Franklin, for plaintiff in error.

W. N. Maben and H. F. Fulling, for defendant in error Minerva Bridges.

PER CURIAM. The parties to this case will be treated as they appeared in the court below. Plaintiff files her action as administratrix of the estate of C. E. Bridges, deceased, to recover judgment for the death of her husband, who was employed by Cosden & Company, at Tulsa, Okla., as a switchman. The record shows that plaintiff has settled said judgment in so far as same affects Cosden & Company, a corporation, one of the defendants below, and has received from said company the sum of $5,000; that said company is only a nominal party hereto, and is not interested in the decision of this case by this court. It further appears that for sometime prior to the accident alleged in plaintiff's petition, Cosden & Co. had an agreement with its codefendants, St. Louis-San Francisco Railway Company, to furnish an engine or engines for use by Cosden & Company and its employes in the switching of cars at its plant in the city of Tulsa, and that on the night of the accident complained of plaintiff's decedent was using an engine furnished by the St. Louis-San Francisco Railway Company to Cosden & Company, and that while so using the same an equalizer broke, causing the engine and boiler to fall down, which resulted in the death of plaintiff's decedent. From an examination of the record in this case, the court finds that the only material question raised by the appellant is the question of whether or not the verdict is excessive. We have carefully examined the record in this case, and find that at the time of the death of the deceased he was 33 years of age, and left surviving him • his widow, Minerva Bridges, and a daughter, Myrtle Bridges, 8 years of age. The record further discloses that within 5 months after the death of plaintiff's decedent, the surviving widow was remarried to a man by the name of Chase, and that such marriage relationship was existing at the time of the trial of this case. While we do not care to express an opinion as to what the court might do in every case, yet we are of the opinion, from an examination of the record in this case, that the judgment is excessive. Moreover a stipulation has been filed by the parties to this action, agreeing that said judgment may be reduced from the sum of $30,000 to the sum of $12,500. It appearing that the plaintiff has heretofore compromised her cause of action as against Cosden & Company, and has received therefor the sum of $5,000, the court is of the opinion that said sum should be credited as against the said sum of $12,500 allowed by this opinion, and that upon the payment of the sum of $7,500 by the St. Louis-San Francisco Railway Company, together with the costs, the judgment herein rendered be fully satisfied. The court in this opinion does not pass upon the question of contribution between the joint tort-feasors. The plaintiff is hereby ordered to file a good and valid remittitur in the sum of $17,500 on the judgment rendered by the court below, which will be done within five days from the rendition of this opinion; otherwise said cause shall stand reversed and remanded to the lower court for further proceedings in accordance with this opinion. In case the remittitur is filed as herein provided, then said judgment is affirmed as herein modified.